UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM ELDRIDGE PAXTON,<br><br>                    Plaintiff,<br><br>vs.<br><br>CORPORAL SCHILLINGS, et al.,<br><br>                    Defendants. | Case No. 1:12-cv-00136-BLW<br><br>**ORDER ON POST-JUDGMENT MOTION** |

Pending before the Court in this closed matter is Plaintiff's "Post-Judgment Motion for Reconsideration," filed on December 7, 2017. (Dkt. 94.) Defendants were emailed a copy of the motion by the ECF system on December 8, 2017, but they did not file a response. (*See* ECF Receipt for Dkt. 94.) Having reviewed the briefing and having considered the argument of Plaintiff, the Court enters the following Order.

## CONSIDERATION OF PLAINTIFF'S MOTION

1. **Background**

Plaintiff, an elderly prisoner confined in an Idaho Department of Correction facility, filed suit in 2012 to try to remedy conditions of confinement including extreme winter temperatures inside the Idaho State Correctional Institution's Medical Annex. (Dkts. 3, 45.) Defendants filed a Motion to Dismiss on procedural grounds, which was denied. (Dkts. 19, 24.) Defendants later filed a Motion for Summary Judgment, which

was denied in part. (Dkts. 37, 43.) The Court then referred the remainder of the claims for a settlement conference with the Honorable Dee Benson, United States District Judge for the District of Utah. (Dkt. 56.)

The parties entered into a settlement agreement. Jurisdiction in the federal court was not reserved, and the case was dismissed with prejudice on June 3, 2014. (Dkt. 70.) On May 27, 2015, Plaintiff filed a Motion for Contempt, asserting that Defendants had breached the agreement. (Dkt. 73.)

On March 23, 2016, the Court entered an Order denying the Motion for Contempt for lack of jurisdiction. (Dkt. 80.) The Court also entered a final judgment dismissing the case with prejudice. (Dkt. 81.) Petitioner filed a Motion for Reconsideration on March 31, 2016, and several subsequent notices of violations of the agreement. (Dkts. 83, 84-90.)

On December 7, 2016, the Court entered an Order on Plaintiff's first set of post-judgment motions, which included the following analysis:

> Plaintiff [earlier] requested that the Court hold Defendants in contempt for failing to abide by the settlement agreement terms. (Dkt. 73.) The Court denied the motion for contempt for lack of jurisdiction, because the parties did not request that the Court retain enforcement jurisdiction in the case. (Dkt. 70.) The Court alternatively concluded that Rule 60(b)(6) relief was not warranted because Plaintiff did not show the breach of the Settlement Agreement deprived him of all benefits of the agreement or that no other remedies for the breach existed. *See Tweed v. Schueltzle*, 2009 WL 874609, at *5 n.2 (D. N.D. 2009). Plaintiff is left with a written contract between himself and state prison officials. He may desire to try to enforce the contract on state-law grounds in state court, but the Court is unable to entertain his post-judgment claims in federal court without an independent basis for federal court

jurisdiction.

(Dkt. 91, pp. 1-2.)

After the Court issued the Order, Plaintiff returned to state court to file a breach of

contract suit. In his current motion, Plaintiff reports:

> The Plaintiff did follow the directive of this Court
> (attached). However, the State would not waive service—
> Attorney General—violating Idaho Code § 3-201, and
> judicial duties to aid in fair administration of justice.
>
> The Court would not assist the Plaintiff who was
> indigent and could not afford a process server.
>
> Therefore, the case was dismissed for failure to serve.
>
> The allegation that it is a constitutional violation to
> make access to courts only available to those whom [sic] are
> not indigent was brought to the state's higher court without
> any comment (*see Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir.
> 2003).
>
> Therefore I return to this Court (after all the federal
> court is always available), to move as is fair an [sic] just, to
> redress any alleged injury; reference R. Civ. P. 60(b)(5)(6).

(Dkt. 94, p. 2.)

Petitioner requests that the Court either re-open his case or direct the state court to

"move in a manor [sic] consistent with law and equity, to hear my action." (Dkt. 94, p. 3.)

**2.      Standard of Law and Discussion**

A federal court's ability to enforce an agreement of the parties depends on whether

the new controversy has its own basis for jurisdiction. *See Kokkonen v. Guardian Life*

*Insurance Company of America*, 511 U.S. 375, 378 (1994). The mere existence of an

"agreement that has as part of its consideration the dismissal of a case before a federal

court," without more, is not a sufficient basis for a federal court's jurisdiction. *Id.* at 380. Only when the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order—does the Court have continuing jurisdiction to enforce the agreement. *Id.* at 381; *see also O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (an order merely "based on" a settlement agreement is insufficient to create ancillary jurisdiction necessary to adjudicate breach of settlement agreement dispute).

In its previous Order, the Court determined that there was no adequate basis for the Court to continue to assert jurisdiction over the settlement agreement, in part because there was an adequate remedy available in state court. However, where a plaintiff alleges that he is foreclosed from bringing a cause of action because the state court has not provided an adequate means for service of process for indigent prisoners, the allegation raises the question of whether this Court should take further action to ensure that Plaintiff can have his day in court.[1]

Federal Rule of Civil Procedure Rule 60(b)(5), in pertinent part, provides for relief from a final order or judgment on grounds that "(5) the judgment has been satisfied,

---

[1] The initial question of whether the state clerk of court violates an indigent prisoner's rights by not providing aid for service of process was thoroughly analyzed by this Court in *Beeson v. Copsey, Navarro, et al.*, Case No. 1:10-cv-00454-BLW. That question was never answered by the Court, because Mr. Beeson's case was later dismissed without prejudice for having accrued three strikes and not being able to pay the filing fee. (*See* Dkt. 28 in that case.) Rather than repeat the same analysis here, the Court will direct the Clerk of Court to provide a copy of that decision to the parties with their copy of this Order.

released or discharged; it is based on an earlier judgment that has been reversed or vacated; or *applying it prospectively is no longer equitable*; or (6) *any other reason that justifies relief*." Relief under the "catch-all" provision of Rule 60(b)(6) should be granted only in extraordinary circumstances "as an equitable remedy to prevent manifest injustice," *U.S. v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal citation and punctuation omitted). Both 60(b)(5) and (6) are available to do equity.

In *York v. County of El Dorado*, 119 F.Supp. 2d 1106 (E.D. Ca. 2000), the United States District Court for the Eastern District of California addressed whether "Rule 60(b) would permit the court to reopen the judgment … for the purpose of terminating the settlement under principles enunciated in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 [] (1992), or the PLRA itself." *Id*. at 1109. That court noted that "*Kokkonen* did contain a comment that Rule 60(b) might be available to reopen a case for purposes of proceeding with the litigation. *Kokkonen*, 511 U.S. at 378." *York*, 119 F.Supp.2d at 1109. The *York* court observed: "The *Kokkonen* Rule 60(b) comment is directed to the situation where the parties proceed after reopening *as if the settlement never existed*; it does not apply to the situation where the parties desire to tinker in federal court with the previous settlement." *Id* (emphasis added).

**3.     Conclusion**

This Court agrees with the reasoning in *York*. In addition, the Court concludes that application of either Rule 60(b)(5) or (6) is appropriate because equity demands that an indigent prisoner not only be able to file a lawsuit, but to have it served, because filing without service is a nullity. The Court concludes that *Kokkonen* permits this case to be reopened and the Order adopting the settlement agreement to be vacated, so that Plaintiff can proceed to trial on his allegations of unconstitutional living conditions. This case cannot be reopened to enforce the settlement agreement. Nor can it be used as a vehicle to enjoin the state court, because that is not the subject matter of Plaintiff's underlying lawsuit.

The Court will permit Plaintiff to proceed to the next step of litigation, if he desires. Another option for Plaintiff may be to file a new suit on his current conditions of confinement if he has exhausted his administrative remedies within the prison system. If Plaintiff desires only to enforce the settlement agreement in federal court, he has no recourse.

The Court will also direct the Clerk of Court to attempt to find pro bono counsel to help Plaintiff determine how to proceed and aid in that pursuit—whether that is with a new settlement conference, a jury trial, or a new lawsuit. Plaintiff need do nothing more until he is notified whether the Clerk can find counsel.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's post-judgment motion for reconsideration re: Judgment (Dkt. 94) is GRANTED in part and DENIED in part, as set forth above.

2. The Clerk of Court shall provide the parties with a copy of this Court's Order found at Docket 28 in *Beeson v. Copsey, Navarro, et al.*, Case No. 1:10-cv-00454-BLW, to illuminate the constitutional nature of the issue of aiding indigent prisoners in accomplishing service of process.

3. Pursuant to General Order Nos. 261 and 262, the Court's Pro Bono Coordinator shall contact the Pro Bono Liaison for assistance in finding pro bono counsel for Plaintiff pursuant to the terms of this Order. Plaintiff shall not contact the Coordinator but shall await another Order from the Court identifying which pro bono counsel, if any, has been appointed to assist or represent Plaintiff.

4. The Clerk of Court shall provide a courtesy copy of this Order to the Court's Pro Bono Coordinator.

DATED: September 24, 2018

B. Lynn Winmill
Chief U.S. District Court Judge